IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PAMELA JO POLEJEWSKI,<br><br>  Plaintiff,<br><br>v.<br><br>CROSSROADS CORRECTIONAL CENTER,<br><br>  Defendant. | CV-16-105-GF-BMM-JTJ<br><br>**AMENDED ORDER** |

     This matter is at issue and is eligible for a preliminary pretrial conference under Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16.1 and 16.2. The parties have consented to the undersigned to proceed over this case. (Doc. 9).

     A preliminary pretrial conference was held on Wednesday, July 12, 2017. Plaintiff appeared Pro Se. Defendant was represented by Chad E. Adams, Esq.

     After discussion and upon the agreement of the parties, the following schedule shall apply:

| | |
|---|---|
| Plaintiff's Preliminary Pretrial Statement filed by: | July 17, 2017 |
| Amend pleadings filed by: | July 21, 2017 |
| Plaintiff's liability and damage expert disclosure: | January 27, 2018 |
| Defendant's liability and damage expert disclosure: | March 2, 2018 |
| Simultaneous disclosure of rebuttal experts: | 30 days of service of the report being rebutted |

Discovery motions, with supporting briefs, shall be filed no later than 10 days following

-1-

| | |
|---|---|
| the moving party's compliance with Fed. R. Civ. P. 26(c) or 37(a)(3). | March 16, 2018 |
| All pretrial motions, other than discovery motions, to include motions for summary judgment and motions in limine, shall be filed and fully briefed on or before: | April 20, 2018 |
| Discovery Completed by: | April 27, 2018 |
| The parties shall participate in an attorneys' conference to discuss the final pretrial order on or before: | July 6, 2018 |
| The parties shall submit a proposed final pretrial order on or before: | July 17, 2018 |
| A final pretrial conference shall be held at the Missouri River Courthouse in Great Falls, Montana, on: | July 19, 2018 at 1:30 p.m. |
| Trial briefs (optional), proposed jury instructions and a proposed verdict form shall be filed on or before: | July 24, 2018 |
| A Jury Trial (6-member jury) shall commence at the Missouri River Courthouse in Great Falls, Montana, on: | July 31, 2018 at 9:00 a.m. |

IT IS FURTHER ORDERED:

    1.    The parties are not required to seek leave of the Court to amend pleadings or join parties prior to the deadline established in paragraph 1.

    2. Pursuant to F.R.C.P. 16(b)(3)(B)(v), before moving for an order relating to discovery, the movant must request a conference with the Court.  Also, if a party requests a status conference with the Court regarding anything other matter than discovery, said party must file a motion with the Court requesting a status conference.

    3    All motions, except discovery motions, shall be filed to ensure they are fully briefed by the date specified in paragraph 1.  "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed.

4. The parties stipulate as to identification and authenticity for all written documents produced in pretrial disclosure and during the course of discovery, except as provided in this paragraph. If a party objects to either the identification or the authenticity of a particular document produced by another party, the objecting party must make and serve a specific objection upon all other parties within 30 days of receipt of the document. If a document is produced and the producing party objects either to identification or authenticity, the producing party shall so state, in writing, to all other parties at the time of production. All other objections are reserved for trial.

5. Expert reports for any witness retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony shall be served on or before the disclosure deadline specified in paragraph 1. Such reports are to be in compliance with Fed. R. Civ. P. 26(a)(2)(B) and shall be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed. An expert report is not required from a treating physician unless testimony to be offered by the treating physician will include opinions not expressed in medical records.

6. Initial reports or depositions of experts determined to be inaccurate or incomplete shall be corrected or completed by supplemental disclosure no later than 90 days before trial.

7. The final pretrial order must comply with the provisions of L.R. 16.4.

8. The final pretrial order supersedes all prior pleadings and may not be amended except by leave of Court.

9. Any party intending to use Real-Time reporting must notify court the

Clerk's office at least 20 days before trial.

     10.    Any party intending to use the courtroom electronic evidence system must notify the Court and Court Systems Administration staff at least 20 days before trial.

     11.    A party seeking to use videoconferencing for witnesses must obtain leave of Court at least 20 days before trial.  Counsel responsible for such witness or witnesses shall make all necessary video conference arrangements with Court systems staff.  The trial will not be continued or interrupted if conferencing arrangements cannot be made or if the conference transmission signal is interrupted or lost.

     12.    The parties shall be prepared to use the Jury Evidence Recording System (JERS).  JERS is available through the court.  It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.  Detailed information about how to use JERS, including contact information for District personnel who can explain further, is found on the Court's website, http://www.mtd.uscourts.gov/ under the heading "Attorneys."  Parties must contact the Clerk's office for technical assistance for the use of JERS by the time of the final pretrial conference in the case, and in no event, no less than two weeks before trial.

     13.    <u>Jury Instructions</u>:

          a.    The parties shall prepare and file a set of proposed stipulated jury instructions on or before July 24, 2018, which shall include necessary stock instructions, taken from the Ninth Circuit Manual of Model Jury Instructions (2007 ed.).  Each party may also prepare proposed supplemental instructions if different from the agreed joint instructions.  No two instructions shall have the same number.

  b. All instructions shall be short, concise, and understandable and neutral statements of the law. Argumentative instructions are improper, will not be given, and should not be submitted.

  c. Any modifications of instructions from statutory authority, Ninth Circuit pattern instructions, or DeVitt and Blackmar (or any other form instructions), must specifically state the modification made to the original form instruction and the authority supporting the modification.

  d. An agreed-upon verdict form shall be prepared and submitted with the jury instructions. Each party may also prepare a separate verdict form accompanied by a written statement of reasons for the failure to agree upon the verdict form.

  e. On or before July 24, 2018, each party shall additionally e-mail a copy of its proposed joint and supplemental jury instructions to the Court's proposed order inbox at jtj_propord@mtd.uscourts.gov.

14. <u>Format of Jury Instructions</u>:

  a. The clean copy shall contain:

    i. a heading reading "Instruction No. ___;" and

    ii. the text of the instruction.

  b. The working copy shall contain:

    i. a heading reading "Instruction No. ___;"

    ii. the text of the instruction;

    iii. the number of the proposed instruction;

    iv. the legal authority for the instruction; and

    v. the title of the instruction; i.e., the issue of law addressed

by the proposed instruction.

15. Final instructions for submission to the jury will be settled on the record prior to closing argument, at which time counsel may present argument and make objections.

16. <u>Voir Dire</u>: Proposed voir dire questions shall be filed at the same time as proposed jury instructions.

17. <u>Exhibits</u>:

    a. Exhibits are to be bound in a loose-leaf binder and exchanged with opposing counsel prior to the final pretrial conference.

    b. Each exhibit shall bear an extended tab showing the number of the exhibit.

    c. Each exhibit document shall be paginated, including any attachments.

    d. Exhibits shall not be duplicated.

    e. The original and two copies of document exhibits are required. The two copies are to be delivered to the Clerk of Court on or before the date of the final pretrial conference. One copy will be for use by witnesses during trial. The other copy is to be marked "Court's Copy" and will be for the Court's use during trial.

18. <u>Calling Witnesses at Trial</u>:

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four copies of a single-page document providing:

    a. The full name and current address of the witness;

    b. A brief description of the nature and substance of the witness's

testimony;

    c.    The date the witness was deposed or had a statement taken; and

    d.    A listing of each exhibit to which the witness may refer during direct examination.

19. Statement of Stipulated Facts.

1. Plaintiff, Pamela Jo Polejewski, initially worked at Crossroads Correctional Center in Shelby, Montana from January 12, 2004 to July 22, 2004.

2. On August 4, 2014, Ms. Polejewski was re-hired to work as a registered nurse at Crossroads Correctional Center.

3. Ms. Polejewski was terminated by Warden Douglas Fender on April 1, 2016.

4. On April 1, 2016, Ms. Polejewski was called to a meeting in Warden Fender's office at Crossroads Correctional Center. Polejewski, Warden Fender and Deborah Dellinger, Crossroads Correctional Center's Human Resources Manager, attended this April 1, 2016 meeting. During this meeting, Warden Fender informed Polejewski she was terminated immediately.

5. During the April 1, 2016 meeting, Deborah Dellinger provided Polejewski with a copy of Crossroads Correctional Center's grievance process and employee grievance form.

6. CCA of Tennessee, LLC was a Tennessee corporation with its principal place of business located in Nashville, Tennessee. At all times from August 4, 2014 to April 1, 2016, while working at Crossroads Correctional Center, Ms. Polejewski was employed by CCA of Tennessee, LLC.

7. On November 9, 2016, CCA of Tennessee, LLC changed its name to CoreCivic of Tennessee, LLC. CoreCivic of Tennessee, LLC remains a Tennessee corporation with its principal place of business in Nashville, Tennessee.

DATED this 19th day of July, 2017.

_____
John Johnston
United States Magistrate Judge