IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PAMELA JO POLEJEWSKI,<br><br>Plaintiff,<br><br>vs.<br><br>CORECIVIC OF TENNESSEE, LLC,<br><br>Defendant. | CV-16-105-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATION AND ORDER** |

## I. FACTUAL BACKGROUND

Plaintiff Pamela Jo Polejewski ("Ms. Polejewski") worked at Crossroads Correctional Center ("CCC") in Shelby, Montana from January of 2004 to July of 2004, and was re-hired to work as a registered nurse on August 4, 2014. (Doc. 18 at 2). At all times while Ms. Polejewski was employed to work at CCC, she was an employee of CCA of Tennessee, LLC. (*Id*. at 5). On April 1, 2016, Ms. Polejewski was called into Warden Douglas Fender's office and informed that her employment was terminated, effective immediately. (*Id*. at 2). During this meeting, Ms. Polejewski was provided with the employer's grievance process and the appropriate

1

form to fill out should she wish to contest the grounds for her termination. (*Id.*)

Ms. Polejewski began the grievance process and submitted a completed grievance form on April 14, 2016. (*Id.* at 4). She then met with Warden Fender in accordance with the grievance process on June 22, 2016, after which Warden Fender issued a written denial of her grievance. (*Id.*) On June 28, 2016, the written denial was mailed to Ms. Polejewski, which included information regarding the procedure to appeal Warden Fender's decision and the appropriate forms to fill out if she wished to appeal (called "Step Three" of the grievance procedure). (*Id.* at 4-5). Ms. Polejewski received the June 28, 2016 letter, and responded on July 3, 2016, with an email stating that she disagreed with Warden Fender's final determination, and that if there were administrators "interested in hearing my grievances at a Step 3 level[,] that is fine." (Doc. 23-2 at 1). Ms. Polejewski, however, did not submit the appropriate Step Three form which her employer had provided to her. (Doc. 18 at 5).

On November 9, 2016, CCA of Tennessee, LLC changed its name to CoreCivic of Tennessee, LLC ("CoreCivic"). (*Id.* at 5).

## II. PROCEDURAL BACKGROUND

On September 30, 2016, Ms. Polejewski filed an action pro se, claiming she was wrongfully discharged under the Montana Wrongful Discharge from Employment Act

2

("WDEA"), and also made a claim of blacklisting.[1] (Doc. 2). CoreCivic seeks partial summary judgment on the wrongful discharge claim, stating that Ms. Polejewski failed to exhaust its grievance policy, which is a complete bar to her claim. (Doc. 14). On June 12, 2016, Ms. Polejewski filed a Motion for Leave to File a Third Amended Complaint, which CoreCivic opposed. (Docs. 24, 28). CoreCivic also moved to strike Ms. Polejewski's Response to its Reply. (Doc. 32). Finally, Ms. Polejewski requested leave of Court to file a Response to Defendant's Reply. (Doc. 37). On October 4, 2017, the Court held a hearing on these motions. (Doc. 50).

As an initial matter, Ms. Polejewski, a pro se plaintiff, has filed three Complaints to date, none of which name the correct defendant, CoreCivic of Tennessee, LLC. In order to avoid undue confusion, at the hearing, the Court moved *sua sponte* to amend the caption of this case to name "CoreCivic of Tennessee, LLC" as the proper defendant.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking summary judgment bears the

---

[1] At the motion hearing, Ms. Polejewski identified Warden Fender's wife as the person who she alleged "blacklisted" her.

initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). If the movant meets this initial burden, the Court must grant summary judgment unless the non-moving party can go beyond the mere pleadings and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The Court is required to draw all reasonable inferences in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Additionally, "in the context of a motion for summary judgment where a litigant is proceeding pro se, the court has an obligation to construe the pleadings liberally and to afford the pro se litigant the benefit of any doubt." *Radi v. MacDonald*, 2006 WL 2604680, *2 (D. Mont. Sept. 11, 2006) (citing *Baker v. Mc Neil Island Corrections Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988)).

\\
\\

## IV. ANALYSIS

**A. CoreCivic's Motion for Partial Summary Judgment should be granted because Ms. Polejewski failed to completely exhaust CoreCivic's written internal procedures to appeal her discharge.**

CoreCivic moves for partial summary judgment on Ms. Polejewski's wrongful discharge claim. The WDEA provides the exclusive remedy for a wrongful discharge from employment claim. Mont. Code Ann. § 39-2-902.

The WDEA provides that if the employer "maintains written internal procedures . . . under which an employee may appeal a discharge within the organizational structure of the employer," an employee is required to "exhaust those procedures" before filing an action under the WDEA. Mont. Code Ann. § 39-2-911(2). An employee's failure to exhaust her administrative remedies is a defense to a claim under the WDEA. *Id*. Subsection (3) requires the employer to notify the discharged employee of "the existence of such procedures" and "supply the discharged employee with a copy of them" within seven days of discharge. § 39-2-911(3).

The Montana Supreme Court requires strict compliance with Section 911, holding that the "failure to exhaust such an internal process is 'a complete bar to pursuing a claim under the [WDEA]." *Haynes v. Shodair Children's Hosp.*, 137 P.3d

518, 521 (Mont. 2006) (quoting *Offerdahl v. State, D.N.R.*, 43 P.3d 275, 278 (Mont. 2002)). In *Haynes*, after Mr. Haynes was discharged from Shodair Children's Hospital, he was given the employer's grievance policy and informed that he must file his grievance within five days, it must be on the required grievance form, must be directed to his supervisor, and must be signed by him. Eight days after his discharge, he submitted an unsigned grievance letter through his counsel, which was not on the required form. The lower court ordered that Mr. Haynes be allowed to complete the internal grievance procedure, stating that Mr. Haynes's failure to adhere to the "formalities" of the internal procedure "cannot reasonably be deemed fatal to [his] complaint." *Haynes*, 137 P.3d at 520. The Montana Supreme Court reversed, holding that the WDEA mandates strict compliance with the employer's internal procedures. *Id.* at 520-21; *see also Offerdahl v. State, D.N.R.* 43 P.3d 275 (Mont. 2002).

Here, it is undisputed that Ms. Polejewski failed to exhaust the employer's internal grievance procedure. Ms. Polejewski received a written statement regarding the Warden's "Step Two" decision, affirming her discharge. (Doc. 18 at 4; Doc. 16-2 at 2). She was informed of the next step in the grievance process–"Step Three"–and given the Step Three form to complete and submit. (Doc. 18 at 4-5; Doc. 16-2 at 3-4). To date, Ms. Polejewski has not submitted the Step Three appeal form to CoreCivic.

6

Ms. Polejewski asserts that she sent an email on July 3, 2017 requesting and agreeing to a Step Three appeal, and argued at hearing that she complied with the grievance process "in good faith." (*See* Doc. 23-2 at 1).[2] The Montana Supreme Court, however, has reiterated that failure to adhere to the formalities of the grievance process is fatal to one's claim of wrongful discharge. Merely informing one's employer of intent to pursue a grievance does not meet the requirement for filing a formal grievance. *Offerdahl*, 43 P.3d at 278. Even the most liberal construction of Ms. Polejewski's claim cannot overcome Montana law's requirement of strict adherence to the employer's written procedures for appealing a discharge.

The Court finds there is no genuine issue of material fact that Ms. Polejewski was provided a copy of CoreCivic's written internal procedures and failed to follow CoreCivic's procedures for appealing her discharge. Therefore, CoreCivic is entitled to judgment as a matter of law on Ms. Polejewski's wrongful discharge claim and CoreCivic's Motion for Partial Summary Judgment should be granted.

---

[2] CoreCivic put forth evidence that it responded to Ms. Polejewski's July 3, 2017 email and reiterated that she needed to follow through with the Step Three process. (Docs. 26 at 5-6; 27 at 2-3). Ms. Polejewski denies ever having received this response. (Doc. 30 at 3). This factual discrepancy is not material, however, as it does not change the fact that Ms. Polejewski was provided the Step Three form and failed to submit it to CoreCivic within the time set forth in the grievance procedure.

**B. Ms. Polejewski's Motion for Leave to File a Third Amended Complaint is granted.**

Ms. Polejewski filed her Motion for Leave to File a Third Amended Complaint on June 12, 2017. (Doc. 24). CoreCivic opposed her Motion and filed a Response on June 22, 2017. The docket, however, reflects that Ms. Polejewski did in fact file a Third Amended Complaint on July 19, 2017. (Doc. 46). Furthermore, CoreCivic filed an Answer to the Third Amended Complaint on July 26, 2017. (Doc. 47). As the Third Amended Complaint has been filed and answered by CoreCivic, any objection CoreCivic may have is moot. Therefore, Ms. Polejewski's motion is **GRANTED**.

**C. Defendant's Motion to Strike is denied, as the underlying motion was resolved by oral argument.**

As stated above, CoreCivic filed its Motion for Summary Judgment (Doc. 14), to which Ms. Polejewski filed her Response on June 12, 2017. (Doc. 23). On June 22, 2017, CoreCivic filed its Reply. (Doc. 26). On June 30, 2017, Ms. Polejewski filed her "Response to Defendant's Reply Memorandum Opposing Their Arguments for Partial Summary Judgment." (Doc. 30). As a result, CoreCivic claimed Ms. Polejewski had violated Local Rule 7.1(d) and moved to strike her Response. (Doc. 32). Alternatively, CoreCivic argues that if the Court considers Ms. Polejewski's

Response, it should be allowed to file a sur-reply to address any argument Ms. Polejewski would raise. (*Id.* at 2).

Local Rule 7.1(d)(1) sets the schedule for the filing of motions and responses. After the moving party files its motion for summary judgment, the other party must respond with 21 days. After the Response is filed, "the moving party may file a reply" to the Response. After the Reply, "[n]o further briefing is permitted without prior leave." L.R. 7.1(d)(1)(A)-(D).

In this case, however, the underlying Motion for Partial Summary Judgment was resolved by oral argument at hearing. Thus, CoreCivic was not prejudiced by any additional argument Ms. Polejewski presented, and therefore its Motion to Strike is **DENIED**. Additionally, CoreCivic's request to file a sur-reply brief is **DENIED**.

### D. Ms. Polejewski's Request for Leave to File a Response is denied as moot.

After CoreCivic filed its Motion to Strike her Response, Ms. Polejewski filed a Request for Leave of Court to File a Response to Defendant's Reply Memorandum, in accordance with L.R. 7.1(d)(1)(D). (Doc. 37). As stated above, the underlying motion was argued at hearing, and there is therefore no need to file additional briefing on the matter. Thus, Ms. Polejewski's Request for Leave is **DENIED** as moot.

## V. Conclusion

Taking the evidence in a light most favorable to her, Ms. Polejewski has not shown a genuine issue of material fact so as to preclude summary judgment on her wrongful discharge claim. Ms. Polejewski failed to fully complete CoreCivic's written internal procedure to appeal her discharge as Mont. Code Ann. § 39-2-911 requires. Accordingly, the Court finds that her wrongful discharge claim is barred by law and recommends her claim should be dismissed with prejudice.

All other related motions are moot and are granted or denied as such in accordance with the foregoing.

The Court **FINDS**:

CoreCivic provided Ms. Polejewski with a copy of its written internal procedures for appealing her discharge and Ms. Polejewski failed to fully exhaust the employer's internal procedure by failing to submit Step Three form to her employer.

The Court **RECOMMENDS**:

CoreCivic's Motion for Partial Summary Judgment (Doc. 14) should be granted and Ms. Polejewski's claim of wrongful discharge under the Wrongful Discharge from Employment Act should be dismissed with prejudice.

For the reasons stated above, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 24) is **GRANTED**.

2. Defendant's Motion to Strike Plaintiff's Response to Reply to Summary Judgment Motion (Doc. 32) is **DENIED**.

3. Plaintiff's Request for Leave of Court to File a Response to Defendant's Reply Memorandum (Doc. 37) is **DENIED**.

DATED this 17th day of October, 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge