# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| PAMELA JO POLEJEWSKI, <br><br> Plaintiff, <br><br> vs. <br><br> CORECIVIC OF TENNESSEE, <br><br> Defendant. | CV-16-105-GF-BMM-JTJ <br><br><br> **ORDER** |

Crossroads Correctional Center ("CCC") in Shelby, Montana terminated Plaintiff Pamela Polejewski's employment on April 1, 2016. (Doc. 51 at 1.) Polejewski, as an employee of CCC, was also considered an employee of CCA of Tennessee, LLC. *Id.* CCA of Tennessee, LLC changed its name to CoreCivic of Tennessee, LLC ("CoreCivic") in November of 2016. *Id.* at 2. During her termination meeting, Polejewski received information regarding her employer's grievance process and the appropriate form to fill out if she wished to contest the grounds for her termination. *Id.*

Polejewski filed an action alleging that she was wrongfully discharged under the Montana Wrongful Discharge from Employment Act ("WDEA") and also alleged blacklisting. (Doc. 2.) CoreCivic seeks partial summary judgment on the

1

wrongful discharge claim. (Doc. 14.) CoreCivic argues Polejewski failed to exhaust its grievance policy, which serves as a complete bar to her claim. *Id.* United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on October 17, 2017. (Doc. 51.) Neither party filed objections.

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston determined that the WDEA provides that if the employer "maintains written internal procedures" under which an employee may appeal a discharge, an employee is required to "exhaust those procedures" before filing an action. (Doc. 51 at 5.) The Montana Supreme Court determined that failing to exhaust internal procedures serves as "a complete bar to pursuing a claim under the WDEA." *Haynes v. Shodair Children's Hosp.*, 137 P.3d 518, 521 (Mont. 2006). Judge Johnston determined that no dispute exists that Polejewski failed to exhaust CoreCivic's internal grievance procedure. (Doc. 51 at 6.) She received a written statement regarding the Warden's "Step Two" decision, affirming her discharge.

*Id.* Polejewski failed, however, to take "Step 3" of the grievance process by not completing and submitting the appropriate form. *Id.* at 7.

Judge Johnston determined that no genuine issue of material fact exists because CoreCivic provided Polewjeski with its written internal grievance procedures. *Id.* Judge Johnston further found that Polejewski failed to follow the internal grievance procedures. *Id.* Judge Johnston recommends that the Court grant Defendant's motion for partial summary judgment. *Id.*

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 51), is ADOPTED IN FULL.

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 14), is GRANTED.

**IT IS FURTHER ORDERED** that Polejewski's claim of wrongful discharge under Montana's Wrongful Discharge from Employment Act is DISMISSED WITH PREJUDICE.

DATED this 14th day of November, 2017.

Brian Morris
United States District Court Judge